ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Application Under the Equal Access to Justice Act of -- | ) ) ) | |
| WECC, Inc. | ) ) | ASBCA No. 60949-EAJA |
| Under Contract No. 70-0014-1522 | ) | |

APPEARANCES FOR THE APPELLANT:      G. Scott Walters, Esq.
                                    Jacob W. Scott, Esq.
                                    Brian S. Wood, Esq.
                                      Smith, Currie & Hancock LLP
                                      Washington, DC

APPEARANCES FOR THE GOVERNMENT:     Scott N. Flesch, Esq.
                                      Army Chief Trial Attorney
                                    MAJ Joseph D. Levin, JA
                                    Dana J. Chase, Esq.
                                      Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE MELNICK ON APPELLANT'S APPLICATION UNDER THE EQUAL ACCESS TO JUSTICE ACT

Appellant, WECC, Inc. (WECC), seeks fees and costs under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504, as a result of its successful recovery in the underlying appeal. *WECC, Inc.*, ASBCA No. 60949, 21-1 BCA ¶ 37,948. We find that WECC is an eligible, prevailing party, and that the government's position was not substantially justified. Accordingly, we grant recovery with adjustments for reasonableness.

BACKGROUND

In this appeal involving the renovation of a Post Exchange, WECC alleged compensable delay by the government and sought associated overhead. In addition, it claimed entitlement to costs of field management related to its original performance period, change orders, asbestos testing, steel plates, bond, claim preparation, and various subcontractor costs. WECC also sought remission of liquidated damages and retainage.

The Board's October 19, 2021 decision found WECC was entitled to 169 days of compensable time extension, equating to $383,927.17 in extended field office overhead. *WECC*, 21-1 BCA ¶ 37,948 at 184,306-08. WECC was also entitled to

$10,655.63 in unsupported government price deductions.  *Id.* at 184,311.  Reduced by $120,000 in liquidated damages and an incidental expense of $4,545, the Board found that the government owed WECC $270,037.80.  The government also owed $276,408.31 in retainage for a total recovery of $546,446.11, plus interest.  *Id.*

As adjusted in its reply brief, WECC seeks EAJA compensation for 2,123.4 attorney hours worked over more than five years.  When rates are reduced to account for EAJA's $125 per hour cap (*see* 5 U.S.C. § 504(b)(1)(A)(ii)), WECC requests $265,425 in attorney fees.  It also seeks $20,740.16 in expenses incurred by its counsel. WECC seeks $12,141.60 in court reporting and copying charges.  WECC's reply also adjusted its expert witness fees to comply with another EAJA limitation (*see* 5 U.S.C. § 504(b)(1)(A)(i)) and seeks $172,233 in expert witness fees and $1,361.43 in expenses related to its experts.  WECC submitted supporting materials for all of its claims (app. br., exs. E, G-H, 1-4; app. reply br., exs. F, J-K).[1]

## DECISION

The Board shall award fees and other expenses incurred by a prevailing party (other than the government) unless it concludes that the agency's position was substantially justified or that special circumstances make an award unjust.  5 U.S.C. § 504(a)(1).  To receive an award, WECC must qualify as a party as defined by EAJA. It must be a "prevailing party," the government position cannot have been "substantially justified," no "special circumstances make an award unjust," and its petition must have been timely.  *See Comm'r*, *INS v. Jean*, 496 U.S. 154, 158-61 (1990).

I.      Timeliness

The government does not question that WECC's December 29, 2021 application was filed within thirty days of final disposition of this appeal decided October 19, 2021.  We agree.  *See Avant Assessment*, *LLC*, ASBCA No. 58903, 18-1 BCA ¶ 37,040 at 180,324 (finding the application is due thirty days after the 120-day period to appeal the Board's decision has expired).

II.     Status as a Party

As a corporation, WECC qualifies as a party under EAJA if its net worth did not exceed $7,000,000 and it did not have more than 500 employees at the time the adversary adjudication was initiated.  5 U.S.C. § 504(b)(1)(B).  The government disputes

---

[1] The government questions whether WECC was charged expert witness fees but we are satisfied with the evidence it has produced showing it has paid at least the claimed amount in fees (app. reply br., exs. J-K).

whether WECC has demonstrated it meets these criteria. Net worth is determined by subtracting total liabilities from total assets. *K&K Indus., Inc.*, ASBCA No. 61189, 19-1 BCA ¶ 37,353 at 181,627. WECC initiated its appeal on December 19, 2016. Schedule L of WECC's 2016 U.S. Income Tax Return for an S Corporation shows its total assets at the beginning of the year were valued just under $1,000,000 and were $601,056 at the end of the year (app. br., ex. B, Form 1120S at 4). This satisfies us that WECC's net worth did not exceed $7,000,000. WECC has also provided a declaration by its president testifying that WECC only employed five people in 2016 (app. reply br., Meaza decl. ¶ 5).

### III.    Prevailing Party

A party is a "prevailing part[y] for attorney's fees purposes if [it] succeed[ed] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)); *Maggie's Landscaping, Inc.*, ASBCA No. 56748, 12-1 BCA ¶ 34,974 at 171,918. The government does not question WECC's status as a prevailing party. WECC succeeded in establishing compensable delay and unsupported price deductions by the government, entitling it to a monetary recovery. It achieved some of the benefit sought by its appeal.

### IV.    Substantially Justified Agency Position

"The Government's position is substantially justified if it is 'justified to a degree that could satisfy a reasonable person' and has a 'reasonable basis both in law and fact.'" *Int'l Custom Prods., Inc. v. United States*, 843 F.3d 1355, 1358 (Fed. Cir. 2016) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988)). "Whether or not the position of the agency was substantially justified shall be determined on the basis of the administrative record, as a whole, which is made in the adversary adjudication for which fees and other expenses are sought." 5 U.S.C § 504(a)(1). The government bears the burden of proof. *See Athey v. United States*, No. 2020-2291, 2021 WL 4282593, at *5 (Fed. Cir. Sept. 21, 2021); *Job Options*, ASBCA No. 56698, 11-1 BCA ¶ 34,663 at 170,761. We make one threshold determination for the entire action. *Int'l Custom Prods.*, 843 F.3d at 1358 (citing *INS v. Jean*, 496 U.S. at 159); *K&K Indus.*, 19-1 BCA ¶ 37,353 at 181,628.

First, the government contends that its position was substantially justified because it offered to settle the claim before the appeal was filed, but WECC refused. One of the government's offers exceeded the total amount ultimately awarded by the Board to WECC (gov't br., ex. G7). The Board has recognized that the rejection of a settlement offer is a factor informing the reasonableness of the amount of any awarded fee. *C.H. Hyperbarics, Inc.*, ASBCA No. 49375 *et al.*, 05-2 BCA ¶ 32,989 at 163,494; *see also Oneida Constr., Inc./David Boland, Inc., JV*, ASBCA No. 44194 *et al.*,

95-2 BCA ¶ 27,893 at 139,147. Here, we are not determining the reasonableness of WECC's fees but instead the threshold question of whether the government's position was substantially justified. We consider WECC's rejection of government settlement offers later in this opinion.

Next, the government emphasizes that before the appeal even commenced it extended the contract for 127 of the 169 days of compensable delay found by the Board, implying that it had already given WECC most of what it deserved. The government ignores the fact that the Board found none of those extensions paid WECC the extended overhead it was owed for the 169 days. *WECC*, 21-1 BCA ¶ 37,948 at 184,306-08. Indeed, the very first paragraph of the government's post hearing brief argued that WECC was entitled to zero days of compensable delay, but in any event no more than a total of 23 (gov't post hearing br. at 6). Later, it cut that number back to six but then changed its mind again and said nine (gov't post hearing br. at 59).[2] The misleading nature of the government's argument hardly advances its case for substantial justification.

The government also maintains that its position was substantially justified because the findings against it involved close factual questions turning upon evidence developed at the hearing. *See Job Options*, 11-1 BCA ¶ 34,663 at 170,761 (noting the Board has denied EAJA recovery when there were close factual questions that were not clearly established until after the hearing). Though the Board did not find all the delays alleged by WECC, the 169 days of compensable delay for which it found the government responsible was the far majority of the 218 days WECC sought. *WECC*, 21-1 BCA ¶ 37,948 at 184,308. The causes of those setbacks, including a poor concrete slab, the need to replace a storm drain, and the restoration of work in an optical area, were all the subject of changes during performance and addressed by WECC's expert report. *Id.* at 184,303-05. They were not newly introduced matters unknown to the government prior to the hearing. Moreover, our findings about the compensable delays proven by WECC did not turn on close factual questions. Though the government presented an expert who tried to attribute responsibility for most of the

---

[2] The government also seems to suggest that it deserves credit for the fact that Amendment No. 16, issued by the contracting officer before the appeal was filed, approved "General Conditions" compensation in the amount of $2,006 for 38 days of extension, or $76,228. *WECC*, 21-1 BCA ¶ 37,948 at 184,304. That amount was completely inadequate given the Board's conclusion that WECC was entitled to $383,927.17 for the 169 days of compensable time extension it found WECC was owed. *Id.* at 184,307-08. Perhaps more significantly, the government seems to have forgotten that it put on sworn testimony at the hearing contending that the contracting officer never should have approved the $2,006 per day. *Id.* at 184,308 n. 18.

delays upon WECC, we found his presentation unpersuasive, conclusory, and unsupported. *Id.* at 184,306 n.7. There were no close questions.

The government points us to the positions it took, some successful some not, to deny WECC the compensation it sought for the delays. Although the government mentions its failed attempt to convince us that accord and satisfaction limited WECC's recovery of field office overhead, it does not explain why it was substantially justified. It also contends that it was reasonable for it to selectively rely upon one paragraph of the contract provision governing price adjustments for change orders to restrict WECC's field office overhead to 10% of direct costs. As we noted in the decision, not all of the delays were due to change orders. Moreover, the government ignored another paragraph of the same provision expressly recognizing that additional recovery could be allowed when performance is extended, as happened here. *Id.* at 184,307-08. The government's effort to distinguish this paragraph now at the fee application stage is too late. Nor during the litigation did the government try to explain the fact that its own conduct during performance was contrary to its restrictive contract interpretation. *Id.* at 184,308. Given these omissions, the government's position was completely misplaced and not one that a reasonable person would find had a reasonable basis in law and fact. Also, while WECC did not recover the additional home office overhead it sought under the Eichleay formula, *id.* at 184,308-09, that fact does not make reasonable its denial of entitlement to any recovery for delays.

Finally, the government observes that WECC was unsuccessful with other components of its appeal, including its effort to recover the costs of field management, asbestos testing, steel plates, bond, claim preparation, subcontractor claims, and additive change orders. *Id.* at 184,309-11. The government does not suggest its rejected position on deductive change orders was reasonable, which is not surprising since it made no effort during the appeal to prove its case. *Id.* at 184,311. Though the government did achieve success on the other topics mentioned, our task is to make one determination of substantial justification for the entire appeal, not to parse the issues. The primary focus of this appeal was WECC's compensable delay claim. The far majority of the evidence and hearing was devoted to that matter. For the reasons we have said, the government's denial of recovery for those delays was not substantially justified and therefore that is the single determination we make for the appeal.

V.      Reasonable Fees and Expenses

As we have suggested, the fact that WECC is a prevailing party and the government's position was not substantially justified does not by itself entitle WECC to recover all the fees it seeks. It remains for us to determine what fees are reasonable. 5 U.S.C. § 504(b)(1)(A) (requiring fees and expenses to be "reasonable"); *Jean*, 496 U.S. at 160-61. This is where the government's observations about the components of WECC's appeal that failed become relevant because "work on an

unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" *Hensley*, 461 U.S. at 435 (quoting *Davis v. County of Los Angeles*, 8 E.P.D. ¶ 9444, at 5049 (C.D. Cal. 1974)).

WECC has provided us with over 200 pages of attorney billing records (app. br., ex. B). The government contends we are obligated to study each line item of each of those pages, find the few items that expressly identify work performed on issues that succeeded for WECC, calculate its recovery based solely upon those items, and then reduce it to 16.9% of that figure because that is the percentage of WECC's original claim that the government says WECC recovered. The government argues we should then reduce the recovery even more to account for WECC's rejections of the government's settlement offers. The government expends none of its own energy to assist us with that task.

Fortunately, we have more flexibility available to us than the government suggests. It is true that when a claimant only achieves partial success, basing an EAJA award on the hours reasonably expended on the whole case may be excessive because no fee may be awarded for services on unsuccessful claims. However, we have discretion in determining the amount of a fee award as long as we make clear that we have accounted for the relationship between the amount awarded and the results obtained. *Hensley*, 461 U.S. at 435-36; *Avant Assessment*, 18-1 BCA ¶ 37,040 at180,324 ("Where a party has achieved only limited success, we should award only that amount that is reasonable in relation to the results achieved"). No precise rule or formula governs this determination. We can try to identify specific hours that should be eliminated, as the government demands, or we may make an equitable reduction to account for the limits of WECC's success. *Hensley*, 461 U.S. at 436-37. We choose the latter.

We are not persuaded by the government's contention that fees would be equitably reduced if we calculated them based upon the percentage of WECC's original claim that it recovered. As indicated, by far the majority of the hearing time and competing efforts between the parties involved WECC's successful demonstration of compensable delays by the government, entitling it to $383,927.17 in field office overhead. WECC's additional unsuccessful request for $266,186.72 in home office overhead required a relatively small amount of additional testimony, evidence, and briefing explaining how it was calculated. WECC provided very limited testimony and briefing supporting field management, asbestos testing, steel plates, bonding, and claim preparation. The one subcontractor witness discussing its own claims testified for a very short time period. WECC made virtually no effort to prove its subcontractor claims, which contributed to its failure to succeed on those matters. WECC's unilateral change order claim was partially successful. The entirety of that subject involved a marginally larger amount of briefing than the other matters. The proper calculation of liquidated damages and retainage was not in dispute. Taken as a whole,

6

we conclude that a reduction in WECC's attorney fees and expenses by 20% equitably accounts for the work WECC's attorneys performed on the portions of its case that failed. It is not necessary to reduce the expert witness fees and expenses sought by WECC because that testimony was in support of WECC's successful compensable delay claim.

What remains is the government's original argument about its settlement offers made before the appeal was filed, including the one that exceeded WECC's award. Had WECC accepted that offer it would have saved itself and the government the expense of this litigation. Though the rejected settlement offers inform the reasonableness of an EAJA recovery, they do not disqualify WECC from all of the benefits of EAJA's fee shifting provisions. *See C.H. Hyperbarics*, *Inc.*, 05-2 BCA ¶ 32,989 at 163,494 (reducing the EAJA award to an appellant that rejected a significant settlement offer but not denying it outright). We reduce WECC's recovery by 20% from what it would otherwise have been.

WECC's attorney fees, expenses, and charges are reduced by 20% to reflect the portions of the appeal that failed. This reduces them to $238,645.41. That amount is reduced an additional 20% to reflect WECC's rejection of the government's settlement offers. The final amount is $190,916.33 in attorney fees, expenses, and charges.[3] WECC's expert witness fees and expenses are also reduced by 20% to reflect its settlement rejections, lowering them to $138,875.54.[4] WECC is therefore entitled to a total of $329,791.87 in fees and other expenses.[5]

---

[3] $265,425 + $20,740.16 + $12,141.60 = $298,306.76
  $298,306.76 – ($298,306.76 x .2) = $238,645.41
  $238,645.41 – ($238,645.41 x .2) = $190,916.33
[4] $172,233 + $1,361.43 = $173,594.43
  $173,594.43 - ($173,594.43 x .2) = $138,875.54
[5] $190,916.33 + $138,875.54 = $329,791.87

CONCLUSION

WECC is awarded $329,791.87 under EAJA.

Dated:  April 13, 2022

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60949-EAJA, Appeal of WECC, Inc., rendered in conformance with the Board's Charter.

Dated:  April 14, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals